UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TAISIYA CRAIG,**                          **CASE NO.**

   **Plaintiff,**

v.

**THE UNIVERSITY OF FLORIDA,**

   **Defendant.**
_____/

## COMPLAINT

Plaintiff, TAISIYA CRAIG, hereby sues Defendant, THE UNIVERSITY OF FLORIDA, and alleges:

## JURISDICTION

1. This is an action brought under 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981a.

2. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, TAISIYA CRAIG, has been a resident of the State of Florida and was a prospective employee of Defendant. Plaintiff is a member of a protected class because of her sex/pregnancy.

5. At all times pertinent hereto, Defendant, THE UNIVERSITY OF FLORIDA, has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been a "prospective employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's prospective employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff was seven (7) months pregnant when she applied for the position of Operations Manager for liver research within Defendant's Department of Gastroenterology-Liver under Defendant's College of Medicine.

2

8. On April 26, 2018, Joy Peter, Defendant's Hiring Manager/Associate, interviewed Plaintiff. Throughout the interview Peter repeatedly placed emphasis on honesty as a qualifying factor for employment.

9. By way of example, Peter specifically referenced problems with the former Operations Manager who Peter described as very dishonest. Specifically, Peter told Plaintiff that the former Operations Manager created an environment of distrust among employees and Peter even outlined several instances of misconduct by the former Manager for Plaintiff.

10. Prompted by this emphasis on honesty, Plaintiff disclosed to Peter that she was seven (7) months pregnant at the time of the interview.

11. After Plaintiff informed Peter of her pregnancy, Peter thanked Plaintiff for her honesty and abruptly ended the interview.

12. As Peter escorted Plaintiff out of the building, Peter introduced Plaintiff to the Fiscal Assistant and dismissively pointed down the hallway telling Plaintiff where the Director's office was located.

13. Defendant never called Plaintiff to notify her of her status, nor did Defendant respond when Plaintiff sent multiple e-mails requesting updates on her employment status.

14. Plaintiff was the most qualified candidate for this management level position as evidenced by Plaintiff's prior experience as a General Manager, a higher management position than the one sought here. This is also evidenced by Plaintiff's prior experience as an Operations Manager, the same job sought here.

15. Defendant hired Lasheaka McClellan, who was not pregnant at the time of hiring, over Plaintiff for the position of Operations Manager despite McClellan having little to no managerial experience.

16. Specifically, McClellan's prior experience included working as a lab technician, data process control specialist, and a data analyst, none of which are considered managerial in nature.

17. Defendant discriminated against Plaintiff after she disclosed her pregnancy, resulting in Plaintiff not being the selected candidate.

18. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## SEX/PREGNANCY DISCRIMINATION

19. Paragraphs 1 through 18 are re-alleged and incorporated herein by reference.

20. This is an action against Defendant for discrimination based upon sex/pregnancy brought under 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act.

21. Plaintiff has been the victim of discrimination on the basis of her sex/pregnancy in that Plaintiff was treated differently than similarly situated employees of Defendant when she was subjected to an adverse employment action on the basis, at least in part, of her sex/pregnancy.

22. Defendant is liable for the differential treatment toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

23. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

24. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an adverse employment action within the meaning of the statutes referenced above.

25. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a sex-based/pregnancy-based nature and in violation of the laws set forth herein.

26. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant. The events set forth herein led, at least in part, to Defendant's decision not to hire Plaintiff.

27. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964.

28. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

  (g)  grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

        Respectfully submitted,

        /s/ Marie A. Mattox
        Marie A. Mattox [FBN 0739685]
        MARIE A. MATTOX, P.A.
        203 North Gadsden Street
        Tallahassee, FL 32301
        Telephone:  (850) 383-4800
        Facsimile:   (850) 383-4801

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 13th day of August, 2019.

        /s/ Marie A. Mattox
        Marie A. Mattox